IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ANTHONY P.,
    Plaintiff,

v.                                                    Civil No. 1:22cv291 (DJN)

MARTIN O'MALLEY,
*Commissioner of*
*Social Security*,
    Defendant.

**FINAL MEMORANDUM ORDER**
**(Adopting Report and Recommendation with Modifications)**

In this action, Plaintiff Anthony P. ("Plaintiff") seeks review of the Commissioner of Social Security's decision to deny his claim for disability insurance benefits ("DIB"). This matter comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (ECF No. 22 ("Objections")), objecting to the Report and Recommendation (ECF No. 21 ("MJRR")) entered by Magistrate Judge Ivan D. Davis on January 3, 2024, which recommended that Plaintiff's Motion for Summary Judgment (ECF No. 12) be denied, Defendant's Motion for Summary Judgment (ECF No. 15) be granted and the Commissioner's final decision be affirmed. For the reasons set forth below, the Court finds that Plaintiff's Objections lack merit and therefore DENIES Plaintiff's Motion for Summary Judgment (ECF No. 12), GRANTS Defendant's Motion for Summary Judgment (ECF No. 15) and ADOPTS the Report and Recommendation of the Magistrate Judge (ECF No. 21) with modification.

## I.    PROCEDURAL HISTORY

On January 16, 2024, Plaintiff filed his Objections (ECF No. 22), raising two objections to the MJRR. First, Plaintiff contends that the Magistrate Judge improperly analyzed Plaintiff's

subjective complaints in light of the Fourth Circuit's decision in *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83 (4th Cir. 2020). (Obj. at 2–3.) Second, Plaintiff argues that the Administrative Law Judge ("ALJ") lacked substantial evidence to support his Residual Functional Capacity ("RFC") determination despite Plaintiff's history of mild mental limitations. (*Id.* at 3–7.) On January 30, 2024, the Commissioner filed his Response to Plaintiff's Objections. (ECF No. 24.)

## II.     STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both [28 U.S.C.] § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing administrative decisions for substantial evidence, courts may not "re-weigh

conflicting evidence, make credibility determinations, or substitute [their] judgment for that of the [ALJ]." *Id.*

### III. ANALYSIS

The Court finds the Magistrate Judge's Report and Recommendation well-reasoned and supported by the record and applicable law. In light of Plaintiff's first objection (Obj. at 5–6), however, the Court finds it appropriate to provide some clarification regarding the applicability of *Arakas* as elaborated on in the Fourth Circuit's recent decision in *Shelley C. v. Commissioner of Social Security*, 61 F.4th 341 (4th Cir. 2023). The Court thus adopts the MJRR in full except for the statement that "[i]n the present case, the Fourth Circuit's holding in *Arakas* does not apply because Plaintiff's subjective complaints are not regarding symptoms of fibromyalgia or some other disease that does not produce objective evidence" (MJRR at 13) and supplements the MJRR as follows.

When assessing a disability claim, an ALJ must consider a claimant's alleged symptoms and assess the extent to which his symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). The regulations set out two steps for this analysis. At the first step, the ALJ must assess whether there is objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the symptoms alleged by the claimant. *Id.* If so, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine their limiting effects. *Id.* at (a), (c). The ALJ must do so by considering "all of the available evidence, including [the claimant's] medical history, the medical signs and laboratory findings, and [the claimant's] statements," and then assessing the extent to which the claimant's alleged functional limitations "can reasonably be accepted as consistent with" that evidence. *Id.* at (a). The ALJ

3

must evaluate the claimant's "statements in relation to the objective medical evidence and other evidence," considering "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the] statements and the rest of the evidence." *Id.* at (c)(4). An ALJ may not reject a claimant's statements "solely because the available objective medical evidence does not substantiate" them. *Id.* at § 416.929(c)(2). Rather, "[a] report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors [an ALJ] must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms." SSR 16-3p, 82 Fed. Reg. 49462, 49465 (republished Oct. 25, 2017).

In *Shelley C.*, the Fourth Circuit determined that the ALJ in that case had erred in dismissing the "subjective complaints" of a claimant with major depressive disorder "based *entirely* upon the belief" that the record's medical evidence did not corroborate those complaints. 61 F.4th at 360 (emphasis in original). Major depressive disorder is a condition for which there is no diagnostic laboratory test and for which symptoms vary person by person. *Id.* at 361. Accordingly, the Fourth Circuit held that the ALJ in *Shelley C.* ought not have required that the claimant's "subjective statements be validated by objective medical support." *Id.* at 362 (citing *Arakas*, 983 F.3d at 96).

In the earlier *Arakas* case, the Fourth Circuit reached a similar conclusion. There, the claimant had fibromyalgia, another disease with "entirely subjective" symptoms. 983 F.3d at 96. Per *Shelley C.* and *Arakas*, an ALJ errs by discounting a claimant's subjective complaints "based *entirely* upon the belief that they were not corroborated by the record's medical evidence" when the claimant has a condition that does not produce objective medical evidence. *Shelley C.*, 61 F.4th at 360 (emphasis in original); *Arakas*, 983 F.3d at 97.

While schizoaffective disorder shares relevant similarities to fibromyalgia and major depressive disorder, the ALJ in this case did not discount Plaintiff's subjective complaints simply because the complaints were not corroborated by the record's medical evidence. Rather, as the MJRR noted, the ALJ here looked at multiple factors in evaluating Plaintiff's symptoms, including Plaintiff's own statements, his robust daily life activities, and his treating provider's observations. (MJRR at 13; ALJ Decision at 4, 7, 9.) As the MJRR correctly explained,

> [The] ALJ noted that Plaintiff's allegations were inconsistent with his daily activities, which included: mowing the lawn, grocery shopping, preparing meals, washing laundry, driving, managing money, handling a savings/checking account, using social media, socializing with friends, going out to dinner, regularly attending AA meetings, reading books on financial investments and medicine, and attending church.

(*Id.*) The ALJ also cited Plaintiff's testimony that he is a caretaker for his father and that his medications keep his symptoms of schizoaffective disorder and depression controlled. (ALJ Decision at 4.) In addition to Plaintiff's daily activities, the ALJ also discussed and considered what Plaintiff's treating sources determined about his functioning, including that Plaintiff was not psychotic and that he was not experiencing medication side effects. (ALJ Decision at 7–8.)

In short, the ALJ in this case did not dismiss Plaintiff's subjective complaints based entirely upon the belief that they were not corroborated by the medical evidence; nor did the ALJ require that Plaintiff's subjective statements be validated by objective medical support. Rather, in assessing Plaintiff's subjective complaints, the ALJ considered Plaintiff's ability to complete a myriad of daily activities, Plaintiff's own statements about his condition, and Plaintiff's treating provider's observations of Plaintiff's functioning. (ALJ Decision at 4, 7, 9.) Fourth Circuit precedent does not suggest that ALJs should ignore objective evidence such as this; instead, *Shelley C.* and *Arakas* prevent ALJs from requiring claimants to provide medical evidence that would be impossible to produce given their specific medical conditions. The ALJ weighed the

Plaintiff's subjective complaints appropriately under those holdings and did not impose undue demands.

## V. CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. Therefore, the Court hereby ORDERS that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 21) is ADOPTED as modified in accordance with this Memorandum Order;

2. Plaintiff's Motion for Summary Judgment (ECF Nos. 12) is hereby DENIED;

3. Defendant's Motion for Summary Judgment (ECF No. 15) is hereby GRANTED;

4. The decision of the Commissioner is hereby AFFIRMED; and

5. This case is now CLOSED.

Let the Clerk file this Memorandum Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 6, 2024